UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL KARTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-380-GZS |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# AMENDED[1] RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES

Pursuant to section 206 of the Social Security Act, 42 U.S.C. § 406, counsel for Plaintiff Michael Kartman requests an award of attorney fees and expenses. Counsel maintains that he is entitled to the requested relief based on Plaintiff's success in administrative proceedings before the Administrative Law Judge following a prior remand under sentence four of 42 U.S.C. § 405(g), and based on a contingent fee agreement with Plaintiff authorizing counsel to recover twenty-five percent of past due benefits awarded through counsel's efforts. (Pl.'s Amended Motion for Award of § 406(b) Fees and Costs, ECF No. 23.) Defendant does not oppose the motion. (Response, ECF No. 24.) As explained below, the recommendation is that the Court grant the motion.

## BACKGROUND

On April 19, 2012, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA), following a judgment remanding the case to the Commissioner pursuant to sentence four

---

[1] This Recommended Decision is amended to remove an erroneous EAJA reference in the conclusion and replace it with a reference to 42 U.S.C. § 406(b).

of 42 U.S.C. § 405(g), the Court awarded Plaintiff attorney fees and costs in the amount of $690.13, (Order, ECF No. 17.)

On remand, the ALJ determined that Plaintiff was disabled and awarded Plaintiff disability benefits. Plaintiff's two dependents also received an award of past due benefits. According to Defendant, the past due benefits awarded to Plaintiff and his two dependents totaled $33,390. However, the sum of the past due awards identified by Defendant ($28,382, $2604, and $2604) is in fact $33,590. (Response at 2 n.3.) During the course of administrative proceedings, pursuant to 42 U.S.C. § 406(a), Defendant separately awarded counsel fees of $4820.78. (Motion at 3; Response at 2 n.3.)

Under the contingent fee agreement between Plaintiff and his counsel, subject to court approval, Plaintiff was required to pay counsel a fee equal to twenty-five percent of the total of any past due benefits awarded to Plaintiff, which benefits included any dependent's benefits. (Contingent Fee Agreement, ¶ 3.A, ECF No. 23-2.) In the event that Plaintiff did not receive an award of benefits, counsel's compensation would be as authorized by the EAJA for a remand.[2] (*Id.* ¶¶ 2.H, 3.B, 4.C.)

The itemization attached to counsel's motion reflects that counsel and a paralegal devoted 3.35 hours and 1.05 hours of time, respectively, toward obtaining the Court's 2012 judgment of remand. (Itemization, ECF No. 23-3.) Counsel specializes in disability cases and has over 30 years of experience. (Aff. of Francis Jackson ¶ 5, ECF No. 15-2.) Counsel maintains that given

---

[2] The agreement provides that Plaintiff could be responsible to pay counsel a fee measured by the EAJA fee, under circumstances where Plaintiff was eligible for an EAJA award but refused to authorize counsel to file an EAJA fee application. (Contingent Fee Agreement ¶ 4.C.)

his experience, an hourly fee rate of more than $300 would not have been unreasonable for counsel's services in 2012.[3]

## DISCUSSION

### A. Legal Standard

The Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(a).

"In *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), the Supreme Court was explicit that contingent fees up to a maximum of 25% are permitted, not disfavored, in social security cases." *Siraco v. Astrue*, 806 F. Supp. 2d 272, 274 (D. Me. 2011). The contingent fee is the "primary means" of measuring an appropriate fee award. *Id.* (quoting *Gisbrecht*, 535 U.S. at 807). A lawyer must demonstrate that a particular award is reasonable for the services rendered. *Id.* Factors that would support a downward adjustment from the twenty-five percent contingent fee benchmark include issues with the character of the representation or results, attorney delay that increased the size of the claimant's retroactive award, or a very limited amount of time expended in the representation. *Id.* at 275.

---

[3] Counsel suggests that $395 is a more appropriate measure of the value of his services. (Jackson Aff. ¶ 5.) For purposes of the analysis in this case, given the discussion that follows, the difference between $300 and $395 is immaterial to the pending motion.

3

**B. Analysis**

Defendant does not dispute that an award is appropriate in this case. Based on the total past due benefits of $33,590, when the 25% contingent fee is applied, counsel's fee cannot exceed $8397.50. To date, Plaintiff has been awarded $4820.78 for work performed in the administrative proceeding. On his current motion, therefore, Plaintiff can recover no more than $3576.72. Plaintiff requests an award in the specific amount of $3526.72.

Because the amount requested will result in an award of no more than twenty-five percent of the past due benefits awarded to Plaintiff and his dependents, and because the amount requested is reasonable when the time expended and the apparent quality of the representation are considered, the recommendation is that the Court grant the motion.[4] Pursuant to 42 U.S.C. § 406(b)(1)(a), if the Court adopts the recommendation, upon acceptance of the fee award under the Social Security Act, counsel must remit to Plaintiff the EAJA award of $690.13 previously awarded by this Court.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Plaintiff's Motion for Award of § 406(b) Fees and Costs (ECF No. 23) in the amount of $3526.72.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] In *Ezekiel v. Astrue*, 853 F. Supp. 2d 177 (D. Me. 2012), the Court reduced an award based on a windfall finding where the effective lodestar rate would have been in excess of $1200 per hour and counsel had achieved a remand through the mere filing of a boilerplate complaint and application to proceed in forma pauperis, and arranging for service of process. *Id.* at 178. Instead, the Court awarded slightly less, based on a trebled loadstar rate. *Id.* at 181. Similarly, in this case counsel obtained a remand without having to file a Statement of Errors. However, the effective, hourly loadstar rate in this case would be approximately $800, below a trebled loadstar calculation.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of April, 2015.